IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Robert E. Jackson, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv1109 (LO/TCB) |
| | ) | |
| Larry T. Edmonds,[1] | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION & ORDER

Robert E. Jackson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Richmond, Virginia of possession with intent to distribute cocaine and possession with intent to distribute heroin. The petition was initially was filed on August 23, 2013. On April 11, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has not filed a reply. For the reasons that follow, petitioner's claims must be dismissed.

I. Background

On December 20, 2010, petitioner was found guilty of one count of possession with intent to distribute cocaine and one count of possession with intent to distribute heroin after a bench trial in the Circuit Court for the City of Richmond. Commonwealth v. Jackson, Case No. CR10F3653, CR10F3654. On April 14, 2011, the court sentenced him to forty years'

---

[1] Earl Barksdale has been listed as the respondent for the entirety of this proceeding. Respondent notes, however, that Earl Barksdale is not the Warden of Dillwyn Correctional Center, and is thus not the proper respondent in this action. Respondent has moved to substitute Larry Edmonds, the current Warden of Dillwyn, as the proper respondent. Respondent's motion must be granted.

imprisonment, with twenty-seven years and four months suspended. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, alleging that the evidence presented was insufficient to sustain his convictions. On December 15, 2011, the Court of Appeals denied the petition for appeal and affirmed petitioner's convictions. Jackson v. Commonwealth, R. No. 0948-11-2 (Va. Ct. App. 2011) (per curiam). On May 2, 2012, the Supreme Court of Virginia refused petitioner's petition for appeal. Jackson v. Commonwealth, R. No. 120075 (Va. 2012).

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging that the Commonwealth Attorney knowingly used false evidence to obtain petitioner's conviction. On June 25, 2013, the court dismissed the petition. Jackson v. Warden of the Dillwyn Corr. Ctr., R. No. 130598. On August 23, 2013, petitioner filed the instant federal habeas petition,[2] alleging that the Commonwealth's Attorney knowingly used false evidence to obtain his convictions, and that the trial court erred in finding sufficient evidence to support petitioner's convictions.[3]

On April 11, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner did not file a response. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254. However, this Court may not review Claim One on the merits due to the Supreme Court of Virginia's finding of procedural default. The Court will review Claim Two on its merits.

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner stated that he placed his petition in the prison mail system on August 23, 2013. See Pet., at unnumbered page 9. The court received his petition on September 4, 2013.

[3] In the memorandum supporting his petition, petitioner reverses the order in which he discusses his claims. The Court follows the order in petitioner's petition, in which the first ground for relief is prosecutorial misconduct, and the second ground is trial court error.

2

## II. Claim One

Petitioner states that the Commonwealth's Attorney knowingly used false evidence to obtain petitioner's conviction, which violated his Fourteenth Amendment Due Process rights. See Pet., at unnumbered page 4. Petitioner specifically states that "the Commonwealth's Attorney presented evidence of such dubious credibility that serious questions must be asked to ascertain his motivation for pursuing the prosecution . . . ." Memorandum in Support of Petition for Writ of Habeas Corpus ("Pet.'s Mem.") [Dkt. 2], at 5.

This claim was the sole ground raised in petitioner's state habeas petition. The Supreme Court of Virginia, reviewing petitioner's claims, dismissed petitioner's claim as barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) ((holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Jackson v. Warden of the Dillwyn Corr. Ctr., slip op., at 1. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted, the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

The United States Court of Appeals for the Fourth Circuit has consistently found that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations

3

omitted); see also Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)). Accordingly, as petitioner has not shown cause and prejudice for the default, nor provided any evidence of a fundamental miscarriage of justice, the Supreme Court of Virginia's finding of procedural default is presumed to be correct. This Court therefore cannot consider Claim One.

### III. Claim Two

#### A. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

4

case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

B. Analysis

In Claim Two, petitioner states that the trial court erred in concluding that Commonwealth presented sufficient evidence to sustain his convictions. See Pet., at unnumbered page 5. Specifically, petitioner attacks the credibility of the main witness, a paid informant, Richard Anderson, who purchased drugs from the petitioner and identified petitioner as a drug dealer. Petitioner states that Anderson had been impeached with seven prior convictions, that the police detective who worked with Anderson had never corroborated his identification of petitioner, and that Anderson's testimony was not corroborated by a videotape of the two drug buys. See, e.g., Pet.'s Mem., at 2-4. In particular, petitioner states that Anderson testified that he was at least three inches taller than petitioner. However, in the videotape, the individual selling drugs is clearly taller than Anderson. See id. at 2. Petitioner states that the trial court, "by disregarding the photographic evidence and not considering the height discrepancy in determining whether the identification sufficiently proved [petitioner's] identity beyond a reasonable doubt," "committed constitutional due process error." Id. at 4.

5

The Court of Appeals of Virginia, reviewing this claim on direct review of petitioner's conviction, found that:

> By finding appellant guilty, the trial court necessarily believed Anderson's positive identification of appellant as the person who sold Anderson the cocaine and heroin. The trial court was free to believe or disbelieve Anderson's testimony; it chose to believe the testimony. Further, the trial court was free to weigh the video and photographic evidence as it saw fit; it decided that the evidence was not needed to reach its holding but was merely additional evidence to Anderson's testimony. The evidence was competent, not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was the person who purchased the drugs. Accordingly, the trial court did not err in so holding.

Jackson v. Commonwealth, slip op., at 3. The court found that the trier of fact was not required to accept the Commonwealth's evidence in its entirety in order to find petitioner guilty, and that its decision to believe Anderson's testimony over the videotape was not erroneous. See id. (citing Barrett v. Commonwealth, 231 Va. App. 102, 107, 341 S.E.2d 190, 193 (1986); Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 820 (1991)). As the Court of Appeals provided the last the last reasoned analysis of petitioner's claim, this Court looks to its opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The Court of Appeals' opinion was not contrary to, or an unreasonable application of, clearly established federal law. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. Under Jackson, a federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference," as the test in Jackson is also reviewable under the standard of § 2254(d). Coleman v. Johnson, _ U.S. _, 132 S. Ct. 2060, 2062 (2012) (per curiam). As the factfinder has

6

the responsibility "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," Jackson, 443 U.S. at 319, state appellate courts must may overturn a factfinder's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, _ U.S. _, 132 S. Ct. 2, 4 (2011) (per curiam). The federal court must then review that decision with the deference required by § 2254(d), and can only overturn the decision if it is "objectively unreasonable." Id. at 4 (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Court of Appeals of Virginia held that the trial judge, the factfinder in petitioner's case, determined the credibility of the witnesses and the weight of the presented evidence. When that evidence is viewed in light most favorable to the prosecution, a rational trial of fact could have found petitioner guilty beyond a reasonable doubt. Jackson, 443 U.S. at 319. As nothing in the Court of Appeals' decision is contrary to, or an unreasonable application of, clearly established federal law, Claim Two must be dismissed.

### IV. Conclusion

For the above stated reasons, it is hereby

ORDERED that Larry T. Edmonds be and is SUBSTITUTED as the proper respondent; and it is further

ORDERED that respondent's Motion to Dismiss (Dkt. 11) be and is GRANTED; and it is further

ORDERED that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be and is DISMISSED, WITH PREJUDICE.

This is a Final Order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A

written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For reasons stated in this Memorandum Opinion, this Court expressly declines to issue such a certificate.

The Clerk is directed to enter final judgment in favor of respondent Larry T. Edmonds, pursuant to Fed. R. Civ. P. 58, to send a copy of this Memorandum Opinion and Order to petitioner and to counsel of record for respondent, and to close this civil case.

Entered this 20th day of February 2015.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge